IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIDGET BROWN PARSON,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-1449-L** |
| | § | |
| **UNKNOWN,** | § | |
| | § | |
| Appellee. | § | |

## **MEMORANDUM OPINION AND ORDER**

This is one of several bankruptcy appeals filed by *pro se* Appellant Bridget Brown Parson ("Parson" or "Appellant"). In this appeal, Parson appeals the bankruptcy order entered by United States Bankruptcy Judge Harlin Hale on May 17, 2018, denying her Motion to Stay Further Proceedings Pending the Appeal of Orders, sanctioning her in the amount of $500, and precluding her from filing any further motions or application, except for appeals and responses to pleadings filed by other parties, until the sanction is paid. For the reasons herein explained, the court **dismisses without prejudice** this interlocutory bankruptcy appeal because Appellant did not seek or obtain leave to appeal the bankruptcy court's interlocutory order and would not be able to satisfy the requirements for an interlocutory appeal even if she was allowed to file a motion for leave.

On June 6, 2018, the bankruptcy clerk transmitted Appellant's May 31, 2018 Notice of Appeal and docketed it in this case but noted that Appellant had not paid the requisite appellate filing fee. Federal Rule of Bankruptcy Procedure 8003(a)(3)(C) requires a notice of appeal to be accompanied by the required fee. When a party fails to pay the requisite filing fee, the district court may "act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2);

**Memorandum Opinion and Order - Page 1**

As of the date of this order, the filing fee has still not been paid. Appellant's Notice of Appeal includes an "Affidavit of Inability to Pay Cost" in which Appellant states "I, AM UNABLE, to pay the cost of court in this matter due to being indigent in which a bankruptcy has been filed and debtor, ha[s] been declared as indigent in a recent application." App. 4. There is no indication from the record in this case, however, that Appellant ever requested or was granted *in forma pauperis* status by the bankruptcy court for purposes of this appeal.

Moreover, the bankruptcy court's order denying Appellant's Motion to Stay Further Proceedings Pending the Appeal of Orders and sanctioning Appellant $500 is not a final order, but instead is an interlocutory order. *See Midwest Props. No. Two v. Big Hill Inv. Co., Inc.*, 93 B.R. 357, 359 (N.D. Tex. 1988) (citing *Meche v. Dan–Tex Int'l, Inc.*, 681 F.2d 264, 265 (5th Cir. 1982)). District courts have jurisdiction under 28 U.S.C. § 158(a)(3) to hear appeals from interlocutory orders upon leave of court; however, "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985) (internal citations omitted) (citing *Katchen v. Landy*, 382 U.S. 323, 328 (1966); and *In re Durensky*, 519 F.2d 1024, 1028 (5th Cir. 1975)). Consequently, leave for an interlocutory appeal is granted only in exceptional circumstances that justify overriding the general policy of not allowing such appeals. *In re Hunt Int'l Res. Corp.*, 57 B.R. at 372.

Appellant did not seek or obtain leave to appeal the bankruptcy court's interlocutory order. The Advisory Committee Notes to Bankruptcy Rule 8003 state that the rule was amended in 2008 to:

> solve the jurisdictional problem that could otherwise ensue when a district court or bankruptcy appellate panel has not granted leave to appeal under 28 U.S.C. § 158(a)(3). If the court of appeals accepts the appeal, the requirement of leave to

> appeal is deemed satisfied. However, if the court of appeals does not authorize a direct appeal, the question of whether to grant leave to appeal remains a matter to be resolved by the district court or the bankruptcy appellate panel.

Even if Appellant had moved for leave to file an interlocutory appeal, the court would have denied any such request because none of the requirements for an interlocutory appeal has been met. Section 158(a)(3) does not set forth a standard for determining whether to grant leave to appeal an interlocutory order from a bankruptcy court, but many district courts have adopted the standard for appeals under 28 U.S.C. § 1292(b). *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). "This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.* (citation omitted). Furthermore, "[e]very ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed or balanced." *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, Case Nos. 3:11-CV-003-K, 3:10-CV-2541-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011) (citing *Ahrenholz v. Board of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Appellant would not be able to satisfy 28 U.S.C. § 1292(b)'s criteria for interlocutory appeals, as her appeal does not involve a controlling issue of law for which there is substantial ground for difference of opinion, and an immediate appeal of the interlocutory would not materially advance the ultimate termination of the bankruptcy proceeding. Because Appellant would not be able to satisfy the requirements for an interlocutory appeal, providing her with an opportunity to pay the required filing fee and file a motion for leave would unnecessarily delay the resolution of this appeal and consume scarce judicial resources. Accordingly, the court **dismisses without prejudice** this interlocutory bankruptcy appeal.

**It is so ordered** this 20th day of June 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge